## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| CRAIG THOMAS JONES, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| STEVEN T. MNUCHIN, in his official | * | |
| capacity as Secretary of the Treasury, | * | |
| CHARLES P. RETTIG, in his official | * | |
| capacity as Commissioner of Internal | * | |
| Revenue, and MICHAEL R. POMPEO in | * | |
| his official capacity as Secretary of State, | * | |
| and THE UNITED STATES, | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

COMES NOW Craig T. Jones, Plaintiff herein, and hereby files this Complaint against the above-named Defendants, showing the Court as follows:

**INTRODUCTION**

1.

This action is filed pursuant to 26 U.S.C. §7345(e) to seek judicial review of a certification by the Secretary of the Treasury that Plaintiff has a seriously delinquent tax debt and is thus ineligible for a passport, when said tax debt was previously determined to be uncollectible by the Internal Revenue Service and the liens filed for the subject tax years are no longer legally enforceable. Additionally or alternatively,

Plaintiff seeks a declaration that 26 U.S.C. §7345 is unconstitutional under the Fifth Amendment and other applicable law because they completely deprive Plaintiff of his right to international travel for reasons that are not closely tailored to the Government's interest in collecting revenue or preventing tax fraud – particularly when applied to a citizen who engages in no financial activity abroad, illicit or otherwise, which would be furthered by issuance of a passport.  The denial of a passport effectively prevents a citizen from engaging in any travel abroad – which is just as fundamental as the right to marry, the right to divorce, the right to procreate, the right to free speech, the right to bear arms, or other any rights guaranteed to U.S. citizens which cannot be denied simply because of old tax debt.

## JURISDICTION AND VENUE

2.

This action is brought pursuant to 26 U.S.C. §7345(e) and the Fifth Amendment of the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §1331 and the aforementioned constitutional and statutory provisions.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(e) because the Plaintiff resides in Wilkes County, Georgia, which is situated within the district and divisional boundaries of the Augusta Division of the Southern District of Georgia, and

suits such as this one against federal government officers in their official capacities or against the United States itself may be brought in the judicial district in which the plaintiff resides.

4.

All the parties herein are subject to the jurisdiction of this Court.

5.

Because this case involves a federal constitutional challenge to an Act of Congress, the Notice of Constitutional Challenge required by Rule 5.1 of the Federal Rules of Civil Procedure has been filed herewith and served by certified mail, return receipt requested, upon the Attorney General of the United States in accordance with said Rule.

**PARTIES**

6.

Plaintiff Craig Thomas Jones is a citizen of the United States and the State of Georgia who resides in Wilkes County, Georgia.

7.

Defendant The United States is a proper party to this action under 26 U.S.C. §7345(e) and may be served with process by certified mail, return receipt requested, to the Attorney General of the United States at Washington, D.C. and to the civil-process

clerk at the United States Attorney's office for the Southern District of Georgia pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.

8.

Defendant Steven T. Mnuchin is the Secretary of the Treasury who is sued in his official capacity only as an officer of the United States, and who may be served with process by certified mail, return receipt requested, to the Attorney General of the United States at Washington, D.C. and to the civil-process clerk at the United States Attorney's office for the Southern District of Georgia pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.Defendant is sued in his individual capacity.

9.

Defendant Charles P. Rettig is the Commissioner of Internal Revenue who is sued in his official capacity only as an officer of the United States, and who may be served with process by certified mail, return receipt requested, to the Attorney General of the United States at Washington, D.C. and to the civil-process clerk at the United States Attorney's office for the Southern District of Georgia pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.Defendant is sued in his individual capacity.

10.

Defendant Michael R. Pompeo is the Secretary of State who is sued in his official capacity only as an officer of the United States, and who may be served with

process by certified mail, return receipt requested, to the Attorney General of the United States at Washington, D.C. and to the civil-process clerk at the United States Attorney's office for the Southern District of Georgia pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.Defendant is sued in his individual capacity.

## FACTS

11.

From approximately 1990 to 2015, Plaintiff Jones was the holder of a U.S. passport issued by the Department of State.  Plaintiff is unable to allege the dates or passport number with greater specificity because his passport was submitted with a renewal application in or about November 2019 and does not believe that he retained a copy; however, his date of birth is \*\*/\*\*/1959 and his social security number is \*\*/\*\*/4859.

12.

Plaintiff used the passport less than a half-dozen times in the 1990s and renewed it in or about 2005.  Other than a single trip to England in 1992, the passport was only used for short vacation trips to the Caribbean.

13.

Plaintiff has not used the passport at any time since the 1990s because he and his wife had no opportunity to travel internationally with small children to raise.

14.

Now that his children are grown and he is in his sixties, Plaintiff and his wife would like to have the freedom to travel abroad, which is their right as U.S. citizens, and the ability to do so for their upcoming 25th wedding anniversary in October 2020.

15.

Accordingly, Plaintiff submitted a passport renewal application in or November 2019, which had expired in or about April 2015 but was eligible for renewal because it had been expired for less than five years.

16.

Said passport had expired without ever being used during the ten years in which it was in force, and accordingly there was no basis for any suspicion that it was being used for improper purposes.

17.

Plaintiff has been a member in good standing of the State Bar of Georgia and the bar of this Court for over thirty years.  During that time he has enjoyed a storied career as a plaintiffs' personal injury and civil rights lawyer but has not always been financially successful – including two cases argued in the United States Supreme Court (so far) which resulted in significant changes to the law but no financial compensation.  As a sole practitioner for most of his career, working almost

exclusively on a contingent fee basis, he has had good years and bad years, which are reflected in his federal tax returns over the course of his career. His financial ups and downs have been exacerbated by domestic relations litigation and bankruptcies relating to a previous marriage, as well as a lack of capitalization and credit problems which are not unusual for self-employed individuals whose talents do not necessarily include business acumen or sound financial planning. Consequently, Plaintiff has struggled with cash flow problems for most of his career.

18.

As a result of said cash flow issues and the ups and downs of self-employment, Plaintiff has unresolved federal income tax debt for the years 2000, 2002, 2005, 2006, 2008 and 2009.

19.

After several attempts at payment plans and offers in compromise were unable resolve said debt, the Internal Revenue Service issued a "Case Closed – Currently Not Collectible" letter on February 21, 2012 for the years 2000, 2002, 2005, 2006, 2008 and 2009 which stated that the IRS had "closed your collection case" and "determined that you do not have the ability to pay the money you owe at this time." While that determination was a temporary one, the IRS has since made no attempt to reopen the case or to determine whether Plaintiff does have the ability to pay, which

he does not. During the years since, tax liens filed by the IRS have expired without renewal and Plaintiff has made his best effort to keep his taxes current.

20.

Sometime after the enactment of 26 U.S.C. §7345 and pursuant thereto, the Secretary of the Treasury certified that Plaintiff has a seriously delinquent tax debt and communicated that certification to the Secretary of State.

21.

The tax debt which the Secretary of the Treasury certified as being seriously delinquent was for the same years that the IRS had previously determined to be uncollectible, had closed its collection files, and allowed its liens to become unenforceable.

22.

From 2012 to 2019, Plaintiff reasonably relied upon the "case closed" notice in prioritizing his financial affairs under the assumption that his pre-2009 tax debt was uncollectible and he could focus on keeping his payments current from that point forward.

23.

Despite recurrent cash flow problems and intermittent tax issues, Plaintiff has made his best efforts to pay his fair share of taxes and, upon information and belief

which Defendants have the ability to verify, has paid more taxes since 2016 than the President of the United States despite having a miniscule fraction of his income. There is no compelling federal interest which justifies denying a passport to a taxpayer who owes money but does not pose a financial or national security threat to the United States.

24.

Based on the Secretary of the Treasury's certification that Plaintiff has a delinquent tax debt despite the fact that said debt was uncollectible and unenforceable, the "Customer Service Department" of Department of State issued a letter on Friday the 13th of December 2019 stating that Plaintiff is "ineligible to receive passport services because the Department of Treasury's Internal Revenue Service (IRS) certified that you have a seriously delinquent tax debt."

25.

In short, Plaintiff has been denied a passport – and hence the ability to travel anywhere outside the United States – because the Secretary of State, the Secretary of the Treasury, and the Commissioner of Internal Revenue, or their designees, have determined that unresolved tax debt which is ten to twenty years old disqualifies Plaintiff to receive a passport pursuant to a congressional mandate that they do so. Given the many years that penalties and interest have accrued on the unpaid taxes, the

balance which the IRS claims is due is many times more than the original taxes owed and far beyond the means of Plaintiff to pay even through a payment plan that would be acceptable to the IRS.

## COUNT I

## REVIEW OF AGENCY DECISION UNDER §7345(e)

26.

Under 26 U.S.C. §7345(e), Plaintiff is entitled to bring suit in District Court to challenge an improper certification by the Secretary of the Treasury or his designees.

27.

In this case, the certification is improper because Plaintiff's uncollectible and unenforceable debt does not meet the definition of a "seriously delinquent tax debt" for which a passport can be denied under §7345.

28.

Pursuant to §7345(e), Plaintiff is entitled to an Order from the District Court directing that the certification be reversed by the Secretary of the Treasury and the Commissioner of Internal Revenue, and ordering the Secretary of State to issue a new passport to Plaintiff.

## COUNT II

## CONSTITUTIONAL CHALLENGE TO STATUTE

29.

The right to interstate travel is an important constitutional right, described in some caselaw as "fundamental," which cannot be denied by Congress unless there is a compelling government interest and the challenged statute is narrowly tailored to serve that interest if not the least restrictive means of doing so.  A statute which absolutely deprives an entire category of citizens (those with large tax debts) of an important constitutional right no matter what the circumstances is constitutionally overbroad, either on its face or as applied to the circumstances of this case.

30.

In *Haig v. Agee*, 453 U.S. 280 (1981), the Supreme Court held that the right travel can be curtailed by denial of passports to specific individuals who have been deemed a threat to national security, but that does not give Congress the right to issue a blanket denial of travel rights to all citizens who are delinquent tax debtors without making an individualized showing of a particularized threat.  *See, e.g., Aptheker v. Secretary of State*, 378 U.S. 500 (1964) (finding it unconstitutional to deny passports to Communists).  Under either a strict scrutiny, intermediate scrutiny, or even a rational basis test, the challenged statute in this case is unconstitutionally infirm.

31.

Irrespective of the Court's finding with respect to Count I, Plaintiff seeks a declaration that 26 U.S.C. §7345 violates the right to international travel which is inherent in the liberty interests protected by the Fifth Amendment and other applicable law. By mandating that the Defendants "shall" deny a passport, without discretion and without a particularized showing of compelling need, based solely upon delinquent tax status, §7345 is unconstitutionally overbroad on its face, as well as being unconstitutionally overbroad as applied to Plaintiff on the facts of this case.

32.

In addition to the requested declaratory relief, Plaintiff seeks an injunction barring the enforcement of 26 U.S.C. §7345 by the Defendants and their deputies or designees and requiring that any unconstitutional action taken thereunder be reversed.

33.

Because this action involves the enforcement of federal constitutional rights, Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff demands the following:

a) That the Court issue the mandatory and injunctive relief sought therein;

b) That the Court issue the declaratory relief sought herein;

c)      That judgment be entered in favor of Plaintiff and against Defendants;

c)      That Plaintiff be awarded attorney's fees and reasonable expenses of litigation;

d)      That all costs of this action be taxed against Defendants; and

e)      That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 31st day of December, 2019.

*/s/ Craig T. Jones*
_____
CRAIG T. JONES
Ga. Bar No. 399476
Plaintiff and Counsel for Plaintiff

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30673
(706) 678-2364
(678) 643-0062
craigthomasjones@outlook.com