FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2020 JUN 15 PM 2:55

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| CRAIG THOMAS JONES, | * | |
| Plaintiff, | * | |
| v. | * | CV 119-222 |
| STEVEN T. MNUCHIN, in His Official Capacity as Secretary of the Treasury; CHARLES P. RETTIG, in His Official Capacity as Commissioner of Internal Revenue; MICHAEL R. POMPEO, in His Official Capacity as Secretary of State; and THE UNITED STATES, | * | |
| Defendants. | * | |

## O R D E R

Before the Court are (1) Plaintiff's motion for leave to file his second amended complaint (Doc. 25) and (2) Defendants' consent motion to file a consolidated brief (a) replying to Plaintiff's response to Defendants' motion for summary judgment and (b) opposing Plaintiff's motion for summary judgment (Doc. 29). For the following reasons, both motions are **GRANTED**.

### I. BACKGROUND

The Court's facts are limited to those relevant to the present motions. The operative complaint at this time, Plaintiff's first amended complaint, asserts two causes of action against

Defendants. (First Am. Compl., Doc. 11, ¶¶ 26-33.) Recently, the Parties filed a stipulation of dismissal solely as to Count I. (Stipulation of Dismissal, Doc. 23.) For the reasons set forth in the Court's May 27, 2020 Order, the stipulation was an improper mechanism to dismiss less than all claims against Defendants. (May 27, 2020 Order, Doc. 24, at 2-3.)

In light of the Court's Order, Plaintiff filed the present motion for leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15. (See Pl.'s Mot. for Leave to File Second Am. Compl., Doc. 25.) Plaintiff also filed a cross-motion for summary judgment. (Doc. 27.) Following Plaintiff's cross-motion for summary judgment, Defendants filed their consent motion to consolidate briefs. (Defs.' Consent Mot. to Consolidate Brs., Doc. 29.)

## II. DISCUSSION

### A. Plaintiff's Motion for Leave to Amend

Because Plaintiff's motion for leave to amend is outside the time period for Plaintiff to amend his complaint as a matter of course, see FED. R. CIV. P. 15(a)(1), Plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave."[1] FED. R. CIV. P. 15(a)(2).

---

[1] Plaintiff's motion for leave to amend is also outside the deadline allowing amendments pursuant to the Court's Scheduling Order. (Scheduling Order, Doc. 15, at 1.) To amend the Scheduling Order, the Court must find good cause to do

2

Whether Defendants consent to Plaintiff's motion for leave is not entirely clear.[2] Nevertheless, "[t]he [C]ourt should freely give leave when justice so requires." (Id.) The Parties plainly sought dismissal of Count I without prejudice. Although the Parties initially employed an improper procedure to achieve their desired end, Plaintiff now seeks amendment pursuant to the Eleventh Circuit's guidance in Perry v. Schumacher Grp. of La. 891 F.3d 954, 958 (11th Cir. 2018). Because Plaintiff's asserted goal is to remove one of his claims, thereby narrowing the issues and making adjudication of the case more efficient, justice supports granting Plaintiff's motion for leave to amend.[3]

---

so. FED. R. CIV. P. 16(b)(4); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). For the reasons contained herein, the Court finds good cause to amend the Scheduling Order to allow filing of the proposed second amended complaint.

[2] As stated, Defendants initially stipulated to dismissal of Plaintiff's Count I without prejudice. In Defendants' consent motion to consolidate briefs, however, Defendants assert "that the Court . . . need [not] grant leave for Plaintiff to file a Second Amended Complaint because Plaintiff has conceded that the certification of his tax debt as a 'seriously delinquent tax debt' was not erroneous." (Defs.' Consent Mot. to Consolidate Brs., ¶ 5.) The Court recognizes that Plaintiff could acquiesce to summary judgment as to Count I. The Parties agreed, however, that Count I would be dismissed without prejudice. Without reaching a decision on the issue, Defendants' recommendation could result in an adjudication of the merits as to Count I and prejudice Plaintiff's attempts to assert the claim in the future seemingly contradicting the Parties' attempted stipulation of dismissal.

[3] In some cases, an amended complaint moots dispositive motions referencing the operative complaint immediately preceding the amended complaint. See Lamb v. Roundtree, No. CV 119-030, 2020 WL 1493919, at *1 (S.D. Ga. Mar. 12, 2020). The Parties, however, exhibit an intent to have the existing motions for summary judgment remain operative as to Plaintiff's proposed second amended complaint. (See Pl.'s Opp'n Defs.' Mot. for Summ. J., Doc. 26 (filed after motion for leave to amend complaint); Defs.' Consent Mot. to Consolidate Brs., ¶ 4.) Accordingly, the second amended complaint does not moot any currently pending dispositive motions.

### B. Consent Motion to Consolidate Briefs

In consideration of Plaintiff's cross-motion for summary judgment, Defendants request permission to file a consolidated brief both replying in support of their motion for summary judgment and responding to Plaintiff's cross-motion for summary judgment. Plaintiff consents to the requested relief, and the Court sees no reason to deny Defendants' request to consolidate briefs.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file his second amended complaint (Doc. 25) is **GRANTED**. Plaintiff shall file his second amended complaint as a stand-alone entry on the docket within **seven (7) days** of this Order.

**IT IS FURTHER ORDERED** that Defendants' consent motion to file a consolidated brief (Doc. 29) is **GRANTED**. Pursuant to the Court's May 27, 2020 Order, the consolidated brief shall not exceed **thirty-one (31) pages** in length. (May 27, 2020 Order, at 3; see also Defs.' Consent Mot. to Consolidate Brs., ¶ 4.) Defendants shall **FILE** their consolidated brief on or before **June 24, 2020**. The Court's Local Rules shall govern any subsequent reply briefs.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of June, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA